UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.

**ROBERT WAYNE BURKE,**

      **Defendant.**

Case No. 2:12-cr-186(1)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant Robert Wayne Burke's Motion for Compassionate Release, (ECF No. 39), as supplemented by counsel (ECF No. 40). The Government responded in opposition, and the matter is now fully briefed and ripe for review. For the following reasons, Burke's Motion for Compassionate Release (ECF No. 39), as supplemented (ECF No. 40), is in part **GRANTED**. The Court will reduce Burke's sentence of incarceration to time served plus six months.

### I.

On October 4, 2012, Burke pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a). (ECF Nos. 17, 18). The Court sentenced Burke to 151 months of incarceration, to be followed by 20 years of supervised release. (ECF Nos. 33, 34). Burke has now served over two-thirds of his sentence. According to Bureau of Prisons records, Burke is located at the Federal Medical Center in Butner, and he is set to be released on May 1, 2023.

Burke is now 73 years old and in poor health. (ECF No. 39, PageID 128–30). He is not expected to live for more than another eighteen months. (*Id.*) Due to this prognosis, Burke sought a compassionate release from his warden on March 30, 2021, which was denied. (*Id.*) Burke then

moved this Court for compassionate release. (ECF No. 39).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003–04 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the Court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)).

2

Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Burke moves for a compassionate release. As the Government acknowledges, Burke has satisfied the exhaustion requirement, and so the Court has the authority to decide his motion for compassionate release. The Government does not dispute that Burke's poor health and life-expectancy is an extraordinary and compelling reason for release. (Gov. Resp. at 4, ECF No. 41). The Court agrees that Burke's terminal prognosis is an extraordinary and compelling reason for release. The issue thus turns to the sentencing factors, which the parties have well briefed.

Before granting compassionate release, the Court must consider whether such release would comport with the § 3553(a) sentencing factors. § 3582(c)(1)(A). Those factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a). The sentence must be "sufficient, but not greater than necessary," to comport with the purposes of sentencing. *Id.*

  The first factor is weighty in both directions, and the weight in each direction rather balances out the weight in the other. The nature and circumstances of the offense are among the worst; they are shocking and horrendous. While this Court will not go into the details of the offense here, it is enough to say that the nature and circumstances of the offense weighs heavily against release. Yet equally weighted on the other side of the scale is the characteristics of Burke: specifically, his age and medical prognosis. Burke's poor health has him needing assistance with even the most basic necessities. And, Burke is now at the end of his life. If this Court denies compassionate release here, it will have for all practical purposes converted Burke's sentence into a life sentence. This Court did not impose a life sentence.

  The second factor weighs in favor of Burke's release, in that under the circumstances it is satisfied by a reduced sentence. Burke has served more than two-thirds of his original sentence. And Burke's sentence has taken all but the very last of Burke's remaining time. While a reduced sentence would not provide just punishment if Burke had longer to live, here the sentence has taken nearly all the time Burke had left. Such was—and is—just. It is also sufficient. The sentence served to date reflects the seriousness of Burke's offense, while promoting respect for the law, and providing just punishment. 18 U.S.C. § 3553(a)(2)(A).

Similarly, the deterrence factor and public safety factor weigh in favor of Burke's release. Given Burke's age and poor health, and given the special conditions placed on his terms of supervised release, there is little probability that Burke will reoffend in the remaining time he has left. And, given that the sentence served exceeds Burke's life-expectancy, additional incarceration would not hold any deterrent value.

Lastly, here the rehabilitation factor is a non-factor. At Burke's point in life, there is no significant benefit to any additional education or vocational training. As to medical care which the government could provide, it is important to note that Burke's medical prognosis is terminal. As such, the end result will be the same whether it occurs in prison or at home. Burke's desire is simply to die at home.

Having considered the sentencing factors, the Court finds that granting in part Burke's motion for compassionate release is consistent with § 3553(a), as it will result in a sentence that is sufficient but not greater than necessary. Accordingly, the Court hereby reduces Burke's sentence of incarceration to time served plus six months. This additional time will give Probation and Burke time to make appropriate arrangements.

### IV.

For the reasons stated above, Defendant Robert Wayne Burke's Motion for Compassionate Release (ECF No. 39), as supplemented (ECF No. 40), is in part **GRANTED**.

**IT IS SO ORDERED.**

**9/13/2021**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**